The plaintiff instituted an action upon a verbal contract which he alleged was made by the parties during the month of July, 1928, according to the terms of which the plaintiff was to haul logs owned by the defendant from a certain tract of land to the defendant's line of railroad. It was alleged that the contract provided compensation of $14 per thousand feet for all logs so hauled, and in addition, that the defendant would furnish the plaintiff certain feed and supplies for workmen and teams. The plaintiff alleged and offered evidence tending to show that the defendant breached the contract. The defendant alleged that the contract between the parties was in writing and made 24 March, 1928, and that the plaintiff had breached the contract, such breach resulting in damage to the defendant.
The plaintiff alleged and offered evidence tending to show that the written contract was thereafter discharged by mutual consent of the parties and a verbal contract substituted therefor. Testimony offered by defendant tended to show that there was some verbal modification of the written contract, and the record shows that the court in its discretion allowed the defendant "to amend its answer so as to conform with its evidence and set up the written contract as modified in accordance with the testimony of Colonel Stouton.
The following issues were submitted:
1. "Did the plaintiff and defendant enter into the written contract of 24 March, 1928, as alleged in the answer?" *Page 211 
2. "If so, was said written contract altered after its execution by the insertion thereon of the words, `It is further agreed that the parties of the second part are to pay $10 per month to sheriff's salary?'"
3. "Was said written contract modified after its execution as alleged in the amendment to the answer?"
4. "Was said written contract, by mutual consent of the parties, discharged and the verbal contract, as alleged in the complaint substituted therefor?"
5. "Did the defendant breach the verbal contract, as alleged?"
6. "What amount of damages, if any, is the plaintiff entitled to recover:
(a) By reason of anticipated profits prevented?
(b) By reason of work completed under verbal contract?
(c) By reason of the conversion of equipment and tools?"
7. "Did the plaintiff breach the contract set up in the answer and amendment thereto?"
The first issue was answered "Yes, by consent." The jury answered the second issue "No"; the third issue "No"; the fourth issue "Yes"; the fifth issue "Yes"; the sixth issue "(a) $562, (b) $338; (c) $100"; the seventh issue "No," and the eighth issue "None."
From judgment upon the verdict the defendant appealed.
The chief exception relied upon by the defendant is the instruction of the trial judge to the jury to the effect that the burden of proof on the third issue was upon the defendant. The third issue was submitted by reason of the fact that the defendant at the close of all the evidence requested permission to amend its answer so that the pleading would conform to the evidence offered at the trial. Hence the defendant was compelled to take the position that the written contract relied upon by it had been modified by a verbal agreement. Thus the burden was upon the defendant to show the modification contended for.
There are other exceptions, but none of them warrant the overthrow of the judgment.
No error. *Page 212