ELECTRO LIFT, INCORPORATED v. MILLER EQUIPMENT COMPANY

No. 68SC170

(Filed 2 April 1969)

**1. Contracts § 18— modification of a contract**

Parties to a contract may, by mutual consent, agree to change its terms, but to be effective as a modification, the new agreement must possess all the elements necessary to form a contract.

**2. Contracts § 18— parol modification of a contract**

   A written contract may ordinarily be modified by a subsequent parol agreement which may be express or implied by conduct of the parties.

**3. Contracts § 18— modification of a contract — mutual consent**

   Mutual consent is as much a requisite in effecting a contractual modification as it is in the initial creation of the contract.

**4. Contracts § 18— modification of a contract — burden of proof**

   In an action upon a contract, where the parties by stipulation establish the terms of the original contract, defendant who contends the contract has been modified has the burden to show such modification.

**5. Contracts § 18— modification of a contract — sufficiency of evidence**

   In this action upon a contract for the sale of a hoist and trolley which the contract specified should operate on a monorail with an eight-foot radius curve, defendant's evidence *is held* insufficient to permit submission to the jury of any issue as to whether the contract had been modified to change the specifications of the trolley so that it would operate on a monorail with a four-foot radius curve where it shows only that a drawing of a monorail with a four-foot radius curve was sent to plaintiff by the monorail company for the purpose of giving plaintiff information as to the electrical connections needed on the trolley, and that the monorail company catalog showed the company's standard monorail to have a four-foot radius curve, the evidence failing to show that defendant had requested such a change in the trolley specifications or that plaintiff had assented thereto.

**6. Contracts § 25; Trial § 41— issues submitted to jury — pleadings and evidence**

   In this action upon a contract, the trial court did not err in refusing to submit the issues stipulated by the parties as arising on their pleadings where such issues were not supported by competent evidence.

**7. Contracts § 25— issues submitted to jury**

   Where the parties stipulated the price and terms of the contract sued upon and there was insufficient evidence that the contract had been modified as contended by defendant, the trial court properly submitted only one issue as to what amount, if any, plaintiff was entitled to recover from the defendant.

**8. Contracts § 28— peremptory instruction**

   In this action upon a contract, the trial court was correct in giving the jury a peremptory instruction in plaintiff's favor where all the evidence tended to establish performance of the contract by plaintiff in accordance with its terms and breach by defendant.

**9. Contracts § 28— form of peremptory instruction**

   In this action for the balance allegedly due under the terms of a contract, the court correctly instructed the jury that if they believed the evidence and found by its greater weight the facts to be as all the evidence tended to show, the issue of damages should be answered in the amount

claimed by plaintiff to be due under the contract, but if the jury did not believe the evidence, it would be their duty "to answer the issue in some lesser amount or nothing," since even if the jury believed the evidence tending to show plaintiff's performance of the contract and defendant's breach thereof, the amount of plaintiff's damages was for jury determination from the evidence.

**10. Contracts § 28;    Trial § 36— expression of opinion in instruction**

In this action upon a contract, the trial judge did not express an opinion in violation of G.S. 1-180 when he asked plaintiff's attorney: "What about demand of payment on this? You'd better ask him a question on that."

APPEAL by defendant from *Exum, J.,* January 1968 Session of ROWAN Superior Court.

Plaintiff's complaint alleged: Plaintiff sold and delivered to defendant a hoist and a motor driven trolley for an agreed price of $4,950.00; thereafter by agreement plaintiff credited defendant $1,-400.00 for return of the trolley; plaintiff has demanded payment of the balance of $3,550.00 but defendant has refused to pay the same. Defendant answered, admitting the purchase contract, but denied that plaintiff had supplied defendant the type of hoist and trolley agreed upon. As a counterclaim, defendant alleged: Defendant ordered the hoist and trolley custom-built according to specifications supplied to plaintiff by defendant from American Monorail Company, for use in construction of a kiln which defendant was constructing for a customer in Ohio; the trolley was to operate on an elevated monorail and was to be so constructed that, in moving back and forth along the track, it could turn two curves around the kiln structure, each curve having a radius of four feet; the trolley delivered by the defendant did not conform to these specifications in that it would not turn such curves on the monorail; as result of plaintiff's failure to supply defendant with the equipment as specified, plaintiff had caused defendant to breach its contract with its Ohio customer, thereby causing loses to defendant of $33,384.06, for which amount defendant prayed judgment against plaintiff. Plaintiff replied to the counterclaim, alleging that the original order placed by defendant with plaintiff had expressly specified that the hoist and trolley should operate on a track with an eight-foot radius curve and that defendant had at no time advised plaintiff of any change in the curvature of the track.

The first trial of this action resulted in verdict and judgment for plaintiff. On appeal to the Supreme Court, judgment was reversed and defendant was awarded a new trial for error in the form of the

peremptory instruction given by the trial judge. *Electro Lift v. Equipment Co.,* 270 N.C. 433, 154 S.E. 2d 465.

On the second trial the parties stipulated: The equipment originally agreed to be bought and sold between the parties was as described in a written purchase order, dated 4 August 1962, issued by defendant to plaintiff, which specified that the trolley was to travel upon a track "and to turn approximately 8' radius;" thereafter certain specified changes in the contract were made by mutual agreement; (the specified contract changes which the parties agreed in the stipulation had been made did not include any change in the curvature of the track, though it was stipulated that defendant contended other changes were made in the contract); the trolley as delivered by plaintiff to defendant had been designed to operate on curves with a radius of not less than eight feet and would not negotiate curves with a four-foot radius.

Upon the second trial plaintiff offered in evidence the original written purchase order signed by defendant and evidence tending to show: That while plaintiff had received from defendant and had agreed to certain other changes in specifications for the equipment, plaintiff had never received from defendant any change in specifications as to curvature of the track that the trolley was to be designed to negotiate; that plaintiff company did not manufacture a trolley that would negotiate a curve with a four-foot radius; that after the hoist and trolley had been delivered by plaintiff and it had been discovered that the track upon which they were to operate actually had four-foot, rather than eight-foot, radius curves, plaintiff had authorized and had accepted return of the trolley and had given defendant full credit therefor, but defendant had retained the hoist and had never made any payment, though demand for such payment had been made.

Defendant, in support of its position that the parties had agreed upon a change in specifications of the trolley requiring that it be designed to negotiate a curve with a four-foot, rather than with an eight-foot, radius, introduced in evidence a copy of a drawing which had been sent to plaintiff by American Monorail Company at the request of the plaintiff for information concerning location of electrification on the monorail. This drawing at two places showed curves in the track with a radius of four feet. Defendant also introduced in evidence a page from the American Monorail Company catalog showing the standard track curve as used by American Monorail to have a radius of four feet.

At the close of all evidence, the trial court allowed plaintiff's mo-

tion of nonsuit as to defendant's counterclaim, and submitted to the jury one issue: "What amount, if any, is the plaintiff entitled to recover from the defendant?" Upon peremptory instructions the jury answered the issue in the amount of $3,550.00 with interest, and from judgment thereon in plaintiff's favor, defendant appealed.

*Benjamin D. McCubbins, and George L. Burke, Jr., for plaintiff appellee.*

*Graham M. Carlton for defendant appellant.*

PARKER, J.

The parties at the trial stipulated execution of their original contract by which plaintiff had agreed to sell and defendant to buy certain specified equipment. They stipulated that the equipment originally agreed on between them was to be as described in defendant's written purchase order dated 4 August 1962. This writing described a motor driven trolley designed to travel at a specified speed upon a track "and to turn approximately 8' radius." The present controversy centers on whether this particular original contract specification was thereafter effectively modified.

[1-3] Parties to a contract may, by mutual consent, agree to change its terms. Furthermore, a written contract may ordinarily be modified by a subsequent parol agreement and such subsequent agreement may be either express or implied by conduct of the parties. *Whitehurst v. FCX Fruit and Vegetable Service*, 224 N.C. 628, 32 S.E. 2d 34. However, to be effective as a modification, the new agreement, whatever its form and however evidenced, must possess all elements necessary to form a contract. Mutual consent is as much a requisite in effecting a contractual modification as it is in the initial creation of the contract. 17 Am. Jur. 2d, Contracts, § 465, p. 934.

[4, 5] In the present case, the terms of the original contract between the parties having been established by their stipulation, the burden was on the defendant to show the modification which it contended had been made. *Russell v. Hardwood Co.*, 200 N.C. 210, 156 S.E. 492. In this connection, the evidence, even when viewed in the light most favorable to defendant's contention and resolving all conflicts therein in defendant's favor, was in our opinion insufficient to permit submission to the jury of any issue as to whether the contract had been modified in the manner contended for by defendant. The American Monorail Company catalog, while indicating the "standard curve" of its track as having a radius of four feet, itself

referred to the possibility of tracks with curves varying from those shown in the catalog. The drawing which was supplied by American Monorail Company to the plaintiff was furnished by that company solely for the purpose of giving plaintiff information as to the electrical connections to be installed on the trolley. While a very careful examination of other details of the drawing would have indicated a track curve with a four-foot radius, this drawing, supplied to plaintiff by a third party for a totally different purpose, was wholly insufficient to evidence a request by the defendant for a change in specifications of the trolley, which specifications had been clearly and expressly agreed upon between the parties in writing. Still less was it any evidence of consent by the plaintiff to such a change. There being no other evidence to support defendant's contention that the contract had been modified by mutual consent in the manner contended for, plaintiff's motion of nonsuit of defendant's counterclaim was properly allowed.

While, in considering the question raised by plaintiff's motion to nonsuit the defendant's counterclaim, we have ignored conflicts in defendant's testimony, it is of interest to note that defendant itself apparently never considered American Monorail Company as having been authorized to act for defendant to give instructions to plaintiff as to any changes in the contract between plaintiff and defendant. Defendant admitted that on 25 April 1963, more than five months after plaintiff had manufactured and delivered the hoist and trolley to defendant, the defendant had written to American Monorail Company a letter stating: "In our original discussion we ordered eight foot radius tracks. You supplied four foot radius tracks which was an error on your part." Furthermore, on 5 August 1965, approximately three years after defendant had issued its original written purchase order to the plaintiff, the president of defendant company verified a complaint in a civil action which defendant brought against American Monorail Company in which it was alleged that the Monorail Company had agreed to supply rails "custom built with turns having a 8-foot radius . . ." In view of these statements, it is difficult to see how the defendant can now contend that it had ever requested the change in its contract with plaintiff in the manner now contended for or that plaintiff had ever assented thereto.

[6-9]     At the trial the parties stipulated as to the issues arising on their pleadings. At the conclusion of the evidence the trial court declined to submit these issues, but submitted only one issue as to what amount of damages, if any, plaintiff was entitled to recover from the defendant. In this there was no error. To justify submission of an

issue it must not only arise on the pleadings, but must be supported by competent evidence. *Gunter v. Winders,* 256 N.C. 263, 123 S.E. 2d 475. In the present case the price and terms of the contract having been stipulated and there being no sufficient evidence that the contract had been modified as contended by defendant, the sole issue remaining was as to the amount which plaintiff was entitled to recover of defendant. Furthermore, since all of the evidence tended to establish performance of the contract by plaintiff in accordance with its terms and breach by defendant, the trial court was correct in giving the jury a peremptory instruction in plaintiff's favor. In so doing the court correctly instructed the jury that if they believed the evidence and found by its greater weight the facts to be as all the evidence tended to show, it would be their duty to answer the issue submitted in the amount of $3,550.00, with interest, but if they did not believe the evidence it would be their duty "to answer the issue in some lesser amount or nothing, depending on how you find it." Appellant contends this form of instruction was error, in that if a peremptory instruction was proper at all, the trial court could only confine the jury to two possible alternatives, either to answer the issue $3,550.00 or nothing. This contention is without merit. If the jury believed the evidence tending to show plaintiff's performance of the contract and defendant's breach thereof, the amount of plaintiff's damages was still for jury determination from the evidence. For instance, the evidence showed plaintiff had allowed defendant a $1,400.00 credit for return of the trolley, but it was still for the jury to determine if this was the proper amount.

[10]     Defendant also contends that the trial judge committed error when he asked plaintiff's attorney: "What about demand of payment on this? You'd better ask him a question on that." Defendant contends this amounted to an expression of the court's opinion in violation of G.S. 1-180. We fail to see how it could be inferred from the question asked that the trial judge was thereby expressing any opinion to the jury and find no prejudicial error in the asking of this question. We have examined all remaining assignments of error and find the trial was free from any error prejudicial to defendant.

The judgment appealed from is

Affirmed.

MALLARD, C.J., and BROCK, J., concur.