HYDE INSURANCE AGENCY, INC. v. DIXIE LEASING
CORPORATION

No. 7628SC439

(Filed 17 November 1976)

1. **Insurance § 8— early cancellation of policy — method of prorating annual premium — modification of contract — burden of proof**

   In an action to recover premiums due under a contract to provide defendant with certain insurance coverage for one year after defendant cancelled the insurance before the expiration of a year, the pleadings and stipulations established that the only triable issue was whether the parties had modified the contract to provide for proration of the annual premium on a daily basis, rather than the higher "short rate" proration basis prescribed by N. C. insurance regulations, in

the event of early cancellation, and defendant had the burden of establishing such modification.

2. **Insurance § 8— early cancellation of policy — method of prorating annual premium — modification of policy — sufficiency of evidence**

Evidence that plaintiff insurer's agent told defendant that the interim cost of insurance would be on a "pro rata basis" was sufficient to support submission of an issue as to whether the parties modified the insurance contract to provide for proration of the annual premium on a daily basis, rather than the higher "short rate" basis prescribed by N. C. insurance regulations, in the event of early cancellation, since the jury could find that plaintiff's agent knew when he used the word "pro rata" that it could mean the premium would be figured either on the short-rate basis or on the daily basis of proration, and that defendant, having no reason to know that it might mean short-rate basis of proration, interpreted it to mean daily basis of proration.

3. **Insurance § 8— early cancellation of policy — method of prorating annual premium — modification of policy — consideration**

Defendant's agreement to delay cancellation of insurance to give plaintiff agency an opportunity to re-estimate its premium for such coverage constituted sufficient consideration for an agreement that, upon early cancellation of the policy, the annual premium would be prorated on a daily basis rather than on the higher "short-rate" basis prescribed by N. C. insurance regulations.

APPEAL by defendant from *Martin, Judge (Harry C.)*. Judgment entered 11 Febrnuary 1976 in Superior Court, BUNCOMBE County. Heard in Court of Appeals 12 October 1976.

This is a civil action wherein the plaintiff, Hyde Insurance Agency, Inc., seeks to recover from defendant, Dixie Leasing Corp., insurance premiums allegedly due on a contract to provide defendant with certain insurance coverage for one year, upon cancellation by defendant before the expiration of one year.

This case was appealed to this Court and heard on 8 May 1975, and our opinion is reported in *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975). On that first appeal the defendant asserted that it was not liable to plaintiff for the higher short-term premium rate prescribed by North Carolina insurance regulations in the event of cancellation during the first year, because the parties modified the contract to provide for proration of the annual premium on a daily basis in the event of early cancellation. The trial court granted summary judgment for plaintiff upon the theory that such a modification was unenforceable as against public policy. Summary judgment for plaintiff was reversed by this Court,

and the cause was remanded to the superior court for trial on the single issue of whether the parties had entered into an agreement to modify the original contract with respect to the payment of premiums. For a more detailed analysis of all the facts and circumstances involved in this case and this appeal see Chief Judge Brock's opinion in *Insurance Agency v. Leasing Corp., supra.*

Upon remand, the trial court concluded that the only issue for trial was whether the parties entered into a binding agreement to modify the original contract. The court held that the burden of going forward with the evidence in proof of this issue was on the defendant, and at the close of its evidence directed a verdict in favor of plaintiff. Defendant appealed.

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis by Albert L. Sneed, Jr., for plaintiff appellee.*

*McGuire, Wood, Erwin & Crow by Charles R. Worley for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant first contends the trial court erred in declaring that the only triable issue was whether there had been a modification of the contract between the parties, and that the burden was on the defendant to establish the modification. Plaintiff alleged in its complaint that defendant owed it $7,851 in premiums upon a contract to provide insurance coverage. The parties stipulated that plaintiff provided automobile liability, workmen's compensation, and general liability insurance coverage beginning 7 September 1973 at an annual premium of $46,035. The parties also stipulated that the amount of premium due when calculated on a short-term basis as required by North Carolina insurance regulations was $7,851. Defendant asserted in its answer, however, that it was not liable for the greater short-term premium because the original contract was modified by an agreement between the parties. The pleadings and stipulations clearly establish that the only triable issue was the alleged modification of the contract. Obviously defendant has both the burden of going forward with the evidence and the ultimate burden of proof on this issue. *Russell v. Hardwood Co.*, 200 N.C. 210, 156 S.E. 492 (1931) ; *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972).

[2] Defendant next contends the court erred in directing a verdict for the plaintiff on the issue of whether there had been a modification of the contract to provide for daily proration of the annual premium upon cancellation. The evidence pertinent to the resolution of this issue, except where quoted, is summarized as follows:

In August 1973 defendant, a truck leasing company, entered into negotiations with the plaintiff for the purchase of automobile, workmen's compensation, and general liability insurance. Wallace Hyde, plaintiff's president, and Bill McElroy handled the negotiations for plaintiff. Pursuant to the negotiations plaintiff provided defendant with insurance coverage through Travelers Insurance Co. beginning 7 September 1973 at an annual premium of $46,035. Subsequently, on or about 9 September 1973, defendant received a premium quotation of $26,000 from Allstate Insurance Co. for identically the same coverage provided by plaintiff. Defendant's president, Cecil C. Bridges, informed McElroy of this fact and indicated his intention to cancel his policy with the plaintiff. McElroy asked Bridges for an opportunity to meet Allstate's premium. Bridges testified, "I did not cancel the Travelers coverage with him at that time because I was giving him an opportunity to meet the quote." As to what the coverage would cost in the interim, Bridges testified, "He [McElroy] said it would be a small amount of money on a *prorated basis*. In fact, I questioned him specifically about a price, and he wouldn't quote a price in dollars. He just said it would be a *pro rata basis*." (Emphasis added.) On cross examination Bridges testified that McElroy "didn't promise to cut the charges." Defendant cancelled the insurance with plaintiff and accepted Allstate's proposal on 27 September 1973, the first day Allstate would enter into a binding agreement with defendant to provide the coverage. Bridges assumed that by "prorated basis" McElroy meant "daily prorated basis," and did not know there was a "short rate" basis of proration until the policies had already been cancelled.

Defendant argues that when considered in the light most favorable to it, the foregoing evidence is sufficient to support a jury finding that the parties entered into an agreement to modify the insurance contract. Plaintiff, on the other hand, argues that no agreement was made because there was no meeting of the minds, and if an agreement was made, it is un-

enforceable for lack of consideration. Plaintiff's arguments are without merit.

Plaintiff argues that there was no meeting of the minds because its agent meant "short rate" basis of proration when he used the word "pro rata" and defendant's agent interpreted it to mean "daily proration." Restatement of Contracts § 233(b) (1932) provides:

> "[W]here a party manifests his intention ambiguously, knowing or having reason to know that the manifestation may reasonably bear more than one meaning, and the other party believes it to bear one of those meanings, having no reason to know it may bear another, that meaning is given to it . . . . "

See also 3 Corbin on Contracts § 537 (1960). We hold that there is sufficient evidence to support a finding by the jury that McElroy knew when he used the words "pro rata," it could mean that the premium would be figured either on the short-rate basis of proration or on the daily basis of proration, and that defendant interpreted it to mean daily basis of proration, having no reason to know that it might mean short-rate basis of proration.

"There is consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." *Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972) (citations omitted).

[3] Defendant had the right to cancel the insurance with plaintiff at any time. We hold that its forebearance to do so upon plaintiff's request that it be given an opportunity to re-estimate its premium is sufficient consideration to support a binding agreement.

For the reasons stated, the judgment directing a verdict for plaintiff is reversed, and the cause is remanded to the superior court for a trial on the single issue of whether the parties entered into a binding agreement to modify the contract with respect to the insurance premiums.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.