YAMAHA INTERNATIONAL CORPORATION v. MICHAEL T. PARKS, ELLEN W. PARKS AND CLIFF ROBINSON

No. 8410DC401

(Filed 5 February 1985)

**Guaranty § 2— oral modification of guaranty—summary judgment proper**

> In an action to collect on a guaranty agreement signed by defendants, the trial court properly entered summary judgment for plaintiff where defendants contended that, by virtue of an oral modification, they were released from their written agreement with plaintiff guaranteeing the debts of a corporation, since defendants offered evidence tending to show that plaintiff was notified that defendant husband had withdrawn from the corporation; plaintiff was asked whether the corporation needed to sign a new dealer agreement due to defendant's withdrawal; the corporation dealt with plaintiff's traveling representatives but not with plaintiff's corporate credit manager, who filed an affidavit on plaintiff's behalf; based on defendant's prior dealings with plaintiff, defendants relied on the oral representations of plaintiff's traveling representatives and thought they were released from liability on the guaranty; such evidence did not raise an issue of material fact as to whether plaintiff's traveling representative by act or word modified the guaranty agreement; and the evidence did not establish an issue of material fact as to whether plaintiff and defendants made a new agreement containing all the essential elements of a contract.

APPEAL by defendants Michael T. Parks and Ellen W. Parks from *Cashwell, Judge.* Judgment entered 30 November 1983 in District Court, WAKE County. Heard in the Court of Appeals 4 December 1984.

Plaintiff sought to collect on a guaranty agreement signed by Michael T. and Ellen W. Parks (defendants), guaranteeing the debts of Whetstone Music, Inc. (corporation), now in bankruptcy proceedings along with defendant Cliff Robinson individually. The agreement provided, *inter alia*, that

> the validity of this guarantee shall not be impaired by any . . . changes of status or of personnel on the part of the debtor, by any act, omission, . . . forbearance, indulgence or other like transaction of any kind whatsoever, and no such act or omission shall be construed in any way to impair the obligations of this guarantee.

It further provided, "This guarantee shall continue until cancelled by written notice to [plaintiff]."

Defendants answered that they no longer had an ownership interest in the corporation and that they have "been released of all liability [for corporate debts] by Defendant Cliff Robinson, the sole owner of [corporation] in an agreement dated 25 May 1982."

In support of its motion for summary judgment, plaintiff filed an affidavit in which its corporate credit manager swore the following:

5. That at the outset of granting credit to Whetstone Music, Inc. the plaintiff Yamaha requested and received personal guaranty agreements from the individual principals of Whetstone Music, Inc. including among them the personal guaranty agreements of Michael T. Parks and wife, Ellen W. Parks. . . .

6. The plaintiff . . . relied upon said personal guarantee in consenting to grant credit on an open account basis to Whetstone Music, Inc.

. . . .

8. The defendants . . . in their answer and counterclaim contend that they were released from their personal guarantee on May 25, 1982 . . . however said agreements, if any, were made not between plaintiff . . . but rather between [corporation], Mr. Cliff Robinson and defendants Parks.

9. That plaintiff . . . has not nor has it ever been a party to any agreement oral or written releasing defendants . . . from their personal guarantee.

10. That the plaintiff . . . did not receive notice nor was it an actual [or] implied party to any agreements between the principals of [corporation] . . . .

. . . .

12. That the personal guarantee executed by [defendants] were [sic] guarantee of payment.

In their defense, defendants submitted the affidavit of Cliff Robinson in which he made the following pertinent statements:

(3) That in May of 1983, I signed an Agreement with Michael Parks wherein I purchased his interest in [corporation];

(4) That, shortly after the May Agreement, I paid the account to [plaintiff] down to a zero balance;

(5) That, at the time I paid the account off, I specifically informed [plaintiff's traveling representative] that Michael Parks had withdrawn from [corporation];

(6) That at the time I informed [plaintiff's traveling representative] of Mr. Parks' withdrawal, I asked whether I needed to sign a new dealer agreement because of Mr. Parks' withdrawal, and he said that it would not be necessary;

. . . .

(8) That, in addition, I had by telephone notified [plaintiff] of the withdrawal of Mr. Parks from the [corporation] and that this information was given to a sales representative . . .;

(9) That I did not intend to have [defendants] guarantee the debts of [corporation] subsequent to the time of [Mr. Parks'] withdrawal from the company.

Defendant Michael T. Parks also submitted his own affidavit which stated:

(11) That based on the oral representations of [plaintiff's] representatives, I thought that my wife . . . and I had been released from the guaranty agreements;

(12) That if I had known that [plaintiff's] representative had not released me from any liability, I would have formally requested the withdrawal of our names from the guaranty;

(13) That based upon my prior dealings with [plaintiff] I relied on the oral representations of the traveling representatives, and thought that I was released from any liability.

The court concluded that there was no genuine issue as to any material fact and entered judgment for plaintiff as a matter of law. Defendants appeal.

*Smith, Debnam, Hibbert & Pahl, by Carl W. Hibbert, for plaintiff appellee.*

*W. C. Stuart, III, for defendant appellants.*

WHICHARD, Judge.

Defendants contend that by virtue of an oral modification they have been released from their written guaranty agreement with plaintiff. Notwithstanding contract provisions to the contrary, such as those here, *supra*, a written contract may be modified by a subsequent parol agreement, which may be either express or implied by the conduct of the parties. *Son-Shine Grading v. ADC Construction Co.*, 68 N.C. App. 417, 422, 315 S.E. 2d 346, 349 (1984); *Electro Lift v. Equipment Co.*, 4 N.C. App. 203, 207, 166 S.E. 2d 454, 456 (1969).

The burden is on defendants, however, to show the modification contended for. *Russell v. Hardwood Co.*, 200 N.C. 210, 211, 156 S.E. 492, 493 (1931); *Insurance Agency v. Leasing Corp.*, 31 N.C. App. 490, 492, 229 S.E. 2d 697, 699 (1976). They have not met that burden here. The only forecast of evidence, *supra*, is the following: plaintiff was notified that defendant Michael T. Parks had withdrawn from the corporation; plaintiff was asked whether the corporation needed to sign a new dealer agreement due to defendant Michael T. Parks' withdrawal; corporation dealt with plaintiff's traveling representatives but not with plaintiff's corporate credit manager, who filed an affidavit on plaintiff's behalf; based upon defendant Michael T. Parks' prior dealings with plaintiff, defendants relied upon the oral representations of plaintiff's traveling representatives and thought they were released from liability on the guaranty.

Defendants argue that considered in the light most favorable to them, the foregoing forecast of evidence raises an issue of material fact as to whether plaintiff's traveling representative by act or word modified the guaranty agreement. We disagree.

A guarantor of a principal obligation may be discharged from liability under the guaranty contract by a valid release by the creditor. 38 Am. Jur. 2d *Guaranty* Sec. 79, at 1086 (1968). The release, or agreement discharging the guarantor, is binding upon the creditor if the agreement possesses the elements of a contract. *Id.*, Sec. 80, at 1087. Thus, modification of a contract is as much a matter of contract as the original agreement. *Electro Lift*, 4 N.C. App. at 207, 166 S.E. 2d at 456-57. The effect of a modification is the production of a new agreement, which must contain all the essential elements of a contract. *Id. See also* 38 Am. Jur. 2d

*Guaranty* Sec. 80, at 1087 (1968). Mutual consent is as much a requisite in effecting a contractual modification as it is in the initial creation of a contract. *Electro Lift*, 4 N.C. App. at 207, 166 S.E. 2d at 457.

Defendants here have not forecast evidence establishing an issue of material fact as to whether plaintiff and defendants made a new agreement containing all the essential elements of a contract. The evidence forecast makes no reference either directly or indirectly to the original agreement between the parties, or to a new agreement. Defendants cannot reasonably contend that that which was neither directly nor indirectly spoken of was modified by a new agreement.

Summary judgment is proper if the pleadings and forecast of evidence establish that there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Frye v. Arrington*, 58 N.C. App. 180, 182, 292 S.E. 2d 772, 773 (1982). The pleadings and forecast of evidence here established that defendants owed plaintiff the sums claimed under the guaranty agreement. The only alleged defense was that plaintiffs had released defendants from their obligation by a subsequent oral modification of the agreement. Because defendants failed to forecast evidence that would sustain their burden of proof on this issue, the court properly granted plaintiff's motion for summary judgment.

Defendants contend that the affidavit of plaintiff's corporate credit manager is not made on personal knowledge as required by G.S. 1A-1, Rule 56(e) and is therefore inadmissible. Assuming without deciding that defendants' contention has merit, defendants waived any objection they may have had by not raising it at the hearing on plaintiff's motion. On a motion for summary judgment, uncertified or otherwise inadmissible documents may be considered if not challenged by timely objection. *Insurance Co. v. Bank*, 36 N.C. App. 18, 26, 244 S.E. 2d 264, 269 (1978). This objection, first raised on appeal, is not timely. *See Bank v. Harwell*, 38 N.C. App. 190, 192, 247 S.E. 2d 720, 722 (1978), *cert. denied*, 296 N.C. 410, 267 S.E. 2d 656 (1979). We note additionally that even absent a consideration of plaintiff's affidavit, defendants raised no issue of material fact.

Defendants contend the court erred in continuing the case to allow plaintiff an opportunity to cure notice defects in its motion for summary judgment. Granting a continuance is within the sound discretion of the trial court and we find no abuse of that discretion.

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.