STANLEY & ASSOCIATES v. RISK AND INS. BROKERAGE CORP.

[123 N.C. App. 532 (1996)]

G. ADRIAN STANLEY & ASSOCIATES, INC. Plaintiff, v. RISK AND INSURANCE BROKERAGE CORP., Defendant and Third-Party Plaintiff v. SMITH YORK & COMPANY, INC., Third-Party Defendant

No. COA95-1077

(Filed 6 August 1996)

**Contracts § 106 (NCI4th); Negotiable Instruments and Other Commercial Paper § 112 (NCI4th)— action on promissory note—new rate not negotiated—old note valid—principal due upon default**

The trial court properly granted summary judgment for plaintiff in its action to recover the accelerated balance due on a promissory note executed in the sale of insurance business where defendant, upon discovering that the commissions it earned were significantly less than those projected, unilaterally ceased making payments on the note rather than exercising its right under a commission warranty to have a new note substituted for the original note in an adjusted amount and a new note for the deficiency amount executed by plaintiff to the third-party defendant.

**Am Jur 2d, Bankruptcy § 2408; Bills and Notes §§ 294-296, 852, 1047.**

**What is essential to exercise of option to accelerate maturity. 5 ALR2d 968.**

**Acceptance of past-due interest as waiver of acceleration clause in note or mortgage. 97 ALR2d 997.**

Appeal by plaintiff from judgment entered 16 May 1995 by Judge Jack A. Thompson in Wake County Superior Court. Heard in the Court of Appeals 21 May 1996.

*Everett, Gaskins, Hancock & Stevens, by Paul C. Ridgeway, for plaintiff appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by George H. Pender, for defendant appellant Risk and Insurance Brokerage Corp.*

SMITH, Judge.

Defendant Risk and Insurance Brokerage Corporation (RAI) appeals the trial court's entry of summary judgment in favor of

plaintiff G. Adrian Stanley & Associates, Inc. (Stanley). Judgment was entered against RAI in the amount of $261,433.67. We affirm.

Relevant factual and procedural information is as follows: On 1 April 1989, Stanley entered into a sales agreement with third-party defendant, Smith York & Company (Smith York), in which Stanley sold its book of insurance business to Smith York. On 7 June 1991, Smith York sold a substantial part of the business bought from Stanley to RAI.

In the contract of sale from Smith York to RAI, it was acknowledged that Smith York had three outstanding promissory notes payable to Stanley in the total amount of $263,441.73. The contract between Smith York and RAI provided that a note for the balance due from RAI to Smith York in the amount of $227,040.00 would be given to Stanley to apply against the debt owed from Smith York to Stanley. In the promissory note issued to Stanley as partial payment for the note from Smith York to Stanley, RAI agreed to make eighty-four equal consecutive payments of $3,595.52 to Stanley. The promissory note incorporated the terms and conditions of the contract for sale between RAI and Smith York. Based upon the contract for sale, Smith York was to pay the balance of the debt it owed to Stanley by the time of closing with RAI.

The contract for sale had a price adjustment mechanism which provided that, if the guaranteed commission income amount projected by Smith York was not realized by RAI under the terms of the Commission Warranty, then a new note, substituted for the original note, would be issued to Stanley by RAI in the proper adjusted amount and the original note would be marked "Paid by substitution of note dated _____." Smith York would then execute a new note to Stanley for the deficiency amount.

Apparently, the commission income realized by RAI was significantly less than that projected by Smith York; and in November, 1992, RAI unilaterally determined that it would cease payments to Stanley. In a 22 January 1993 letter to Stanley's attorney, RAI explained that based upon the price adjustment for the decline in expected commissions, RAI owed Stanley less money than the amount recited in the original promissory note and that, based upon the amount RAI had previously paid Stanley per month, RAI was "paid up through approximately the 42nd payment, which will not be due for some time." Neither Smith York nor RAI ever issued a new promissory note to

Stanley in accordance with the provisions contained in the contract between Smith York and RAI.

Stanley instituted this action against RAI on 4 May 1993 seeking to recover the amount owed pursuant to the terms of the promissory note. In February 1995, RAI and Stanley moved for summary judgment. On 16 May 1995, the trial court granted Stanley's motion for summary judgment finding that there were no genuine issues as to any material fact and that Stanley was entitled to judgment as a matter of law against RAI for the amount owed pursuant to the promissory note between those parties. From that judgment, RAI appeals.

A motion for summary judgment should be granted if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact for trial and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 449 S.E.2d 240 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). On appellate review of the order for summary judgment, we take the evidence in the light most favorable to the nonmoving party. *Hinson v. Hinson*, 80 N.C. App. 561, 343 S.E.2d 266 (1986). After reviewing the forecast of evidence in the record, we agree with the trial court that there are no genuine issues of material fact present in this case as between plaintiff and defendant and affirm the trial court's order.

The terms of the promissory note, a bilateral contract between RAI and Stanley, which incorporate the terms of the contract of sale between Smith York and RAI, provide that in the event of default in payment of the note, the entire principal sum shall become due and payable at Stanley's option. Pursuant to the promissory note and contract for sale, RAI is required to make eighty-four consecutive monthly payments of $3,595.52 to Stanley. Such terms, according to the promissory note and incorporated contract for sale, are enforceable until new promissory notes have been negotiated by the parties. The parties agreed that new promissory notes would be issued if three conditions precedent were met: (1) the commission guaranteed by Smith York is not realized by RAI; (2) RAI issues a new note to Stanley to replace the original note reflecting the proper adjusted amount; and (3) Smith York executes a new note for the deficiency amount payable to Stanley. Until these conditions are met, the old promissory note is a valid and enforceable contract between RAI and Stanley.

STANLEY & ASSOCIATES v. RISK AND INS. BROKERAGE CORP.

[123 N.C. App. 532 (1996)]

By unilaterally stopping payments to Stanley, RAI breached the terms of the promissory note which require RAI to make eighty-four consecutive monthly payments of $3,595.52 to Stanley. "A party to a contract may not, by his unilateral declaration, extraneous to the contract, free himself from or limit his liability for damages for his breach of it." *Gore v. Ball, Inc.*, 279 N.C. 192, 201, 182 S.E.2d 389, 394 (1971).

The burden is upon RAI, not Stanley, to show that the conditions precedent have been met and that new promissory notes have been issued pursuant to the terms of the contract for sale and promissory note from RAI to Stanley. *See Russell v. Boice Hardwood Co.*, 200 N.C. 210, 156 S.E. 492 (1931). For an alteration to a contract to be enforceable, there must be an agreement between the parties that the terms of the contract should be altered. *Klein v. Insurance Co.*, 289 N.C. 63, 220 S.E.2d 595 (1975). RAI has not shown that Stanley agreed that the promissory note from RAI to Stanley should be altered or modified. "Mutual consent is as much a requisite in effecting a contractual modification as it is in the initial creation of the contract." *Electro Lift v. Equipment Co.*, 4 N.C. App. 203, 207, 166 S.E.2d 454, 457 (1969).

It is RAI's duty to negotiate with Smith York until those parties reach an agreement as to the proper purchase price adjustment. After such agreement, RAI and Smith York must then issue new notes to Stanley, such that Stanley's position will remain the same, that is, in possession of valid promissory notes for the full amount which it is owed. Only after new promissory note terms have been established may RAI pay Stanley less than that agreed upon between the parties in the original promissory note.

For the reasons stated, the order of the trial court granting summary judgment in plaintiff's favor is

Affirmed.

Judges EAGLES and WYNN concur.