# BALDERACCHI v. RUTH.—256 S. W. (2d) 390.

Eastern Section.   November 19, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

422

Ely & Ely, of Knoxville, for plaintiff in error.

Meek & Haynes, of Knoxville, for defendant in error.

McAMIS, J. Plaintiff Lloyd T. Ruth sued J. J. Balderacchi, doing business as Greensboro Poultry Frozen

Food Company, in the Court of General Sessions for Knox County for $370.92 claimed to be due as the balance on his salary account for a period of six months between February and August, 1951. Judgment was rendered in Sessions Court for the full amount of the claim. Defendant appealed to the Circuit Court where a trial before the court without a jury resulted in a judgment for $299.90. The defendant Balderacchi has prosecuted the present appeal in error to this court.

Prior to August 30, 1950, plaintiff was employed as a salesman in the Knoxville area by a competitor of defendant. On a promise of more money by defendant's Knoxville manager, Mr. Williams, plaintiff quit his job and went to work for defendant on August 30, 1950. He took with him 32 or more customers of his former employer.

The defendant entered into a written contract agreeing to compensate plaintiff "at the rate of $60.00 per week straight salary with no deductions excepting those required by law until such time as $50.00 per week plus one and one-half percent commission on all sales over $2,000.00 per week will equal or exceed $60.00 per week." The written agreement contains other provisions not material to the present controversy. The stipulated salary was paid until February, 1951, when plaintiff was told by defendant that, due to then existing business conditions, it would be necessary to reduce his salary to $50 per week. He was thereafter paid at the latter rate until his connection with defendant was severed in August, 1951, following the discovery that he had "padded" the account of one of defendant's customers.

The proof consisting entirely of the testimony of plaintiff and that of Mr. Williams, defendant's Knoxville manager, shows without dispute that plaintiff refused

to accept the reduction in salary and that he "constantly told * * * Mr. Williams that he was not being paid as his contract stipulated, and that they would have to pay him the difference in the amounts." He also protested when defendant told him that his salary would be reduced and, at that time, told defendant that he could not work for $50 a week and insisted that he be paid according to the contract. Although plaintiff was paid by check throughout the period in question, the checks were not introduced by defendant and there is no suggestion that they contained language appropriate to an accord; nor is it contended that plaintiff was put upon notice that the old contract was terminated. The insistence is, as we understand, that the statement by defendant that future payments of salary under the contract would be reduced operated, ipso facto, to terminate the old contract and form a new one by which plaintiff agreed to work for $50 per week instead of $60 as provided by the written contract.

◼ Since the parties agree that a contract for personal services providing for no fixed period of duration is terminable by either party at any time upon reasonable notice, we need not consider that question. The question is thus reduced to this: Does a notice of a reduction in salary followed by acceptance under protest of a reduced amount and with notice to the employer that the full amount will be claimed effect an end of the original contract and create a new one limiting the employee to the reduced salary? Settled principles of contract law as well as reported cases deciding the question require a negative answer.

◼ Modification of an existing contract cannot be accomplished by the unilateral action of one of the parties. There must be the same mutuality of assent and

meeting of minds as required to make a contract. New negotiations cannot affect a completed contract unless they result in a new agreement. Neilson, etc., Canning Co. v. F. G. Lowe & Co., 149 Tenn. 561, 260 S. W. 142. And a modification of an existing contract cannot arise from an ambiguous course of dealing between the parties from which diverse inferences might reasonably be drawn as to whether the contract remained in its original form or was changed. Anderson v. Reed, 133 Okl. 23, 270 P. 854; Continental Supply Co. v. Levy, 121 Okl. 132, 247 P. 967.

■■ We think the present case falls directly within the principle of these cases. The record shows nothing more than the unilateral action of defendant in reducing plaintiff's salary without terminating his employment. Until the original contract was terminated by mutual assent or by notice of one of the parties, plaintiff had a right to insist upon payment of the full compensation provided by the contract and to accept for credit on salary due any payments received from defendant.

■ ■ Defendant had the burden of showing the modification of the contract by mutual assent or of establishing facts either constituting an accord or forming the basis of an estoppel. The proof fails to show either. There was no modification since the proof clearly shows that plaintiff protested and promptly notified defendant that the full salary would be claimed. For the same reason there was no basis for an estoppel. Defendant could have put the matter at rest by making the checks show that they were tendered as in full payment of accrued salary. There is no showing that this was done and, under the presumption that favorable evidence in defendant's possession would have been brought forward, we must assume that the checks were not so marked.

■ Stress is laid on the fact that plaintiff was caught in a dishonest act near the end of his employment and it is insisted that there may have been other similar acts never discovered. It appears, however, that defendant's sales manager wrote a letter of recommendation and that the full amount of the claim was restored and accepted. We do not think the act, though not to be condoned, can be given the effect of forfeiting the claim here asserted.

We find no error and it results that the judgment is affirmed with costs.

Hale and Howard, JJ., concur.