LAMBE-YOUNG, INC. v. OLA MAE W. COOK, ADMINISTRATRIX OF THE ESTATE OF
GILBERT BRUCE COOK; AND, OLA MAE W. COOK, INDIVIDUALLY

No. 8321SC1224

(Filed 2 October 1984)

1. **Evidence § 11— dead person statute—exception—surviving party has identical interest**
   Testimony against the representative of a deceased person is not incompetent where a party "associated in the contract and united in interest" with the deceased is still alive. G.S. 8-51.

2. **Brokers and Factors § 1.1— contract granting right to sell—latent ambiguity**
   A contract that granted "exclusive rights to sell the property located at Hwy 421 West, Yadkinville[,] N.C.[,] Yadkin[,] N.C." owned by Ola M. Cook and Gilbert B. Cook was not patently ambiguous, but only latently so; the subject property was clearly capable of identification by reference to extrinsic matters.

**3. Contracts § 18— oral modification—burden of proof**

The burden of proving modification or waiver is on the party asserting it; further, proof of an oral agreement that modifies a written contract should be by clear and convincing evidence.

**4. Brokers and Factors § 6— real estate commission—sale by owner—measure of damages**

The trial court did not err by instructing the jury that it should determine general damages by multiplying the percent of commission it found the parties had agreed upon in the contract by the price for which it found defendants sold the warehouse, and that, if the jury found the facts to be as all the evidence tended to show, the amount of general damages would be $25,000 where the contract provided for a 10% commission and the uncontradicted evidence was that defendants sold the property for $250,000.

**5. Trial § 11— closing argument—refusal to permit defendant to read from a deed admitted and passed among the jury—no prejudice**

There was no prejudice from the trial court's refusal to allow defendants' attorney, during closing argument, to read from a deed which had been admitted and passed among the jury; moreover, the portion of the deed in question was irrelevant to the issues being tried.

APPEAL by defendants from *Albright, Judge.* Judgment entered 24 June 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 September 1984.

Defendant Ola Mae Cook, individually and as administratrix of the estate of her deceased husband, appeals from a judgment entered on a jury verdict finding that she and her husband breached their contract with plaintiff and awarding compensatory damages in the sum of $25,000.

*Bell, Davis & Pitt, P.A., by William Kearns Davis and Joseph T. Carruthers, for plaintiff appellee.*

*Franklin Smith for defendant appellant.*

WHICHARD, Judge.

On 4 May 1981 plaintiff, a licensed real-estate broker, entered into a written agreement with defendants husband and wife whereby plaintiff was to have exclusive right to market defendants' warehouse for a period of ninety days. The agreement specified that if the property were sold during the ninety-day period, plaintiff was to receive a commission equal to 10% of the sale price. It further specified a listing price for the property of $365,000.

On 27 July 1981, within the ninety-day period, defendants conveyed the property to buyers not procured by plaintiff for the sum of $250,000. Defendants refused to pay plaintiff the commission specified in the Exclusive Sales Contract, contending that plaintiff had orally released them from the written agreement. Defendant-husband died after the sale of the property.

The jury found that the parties did have a contract, that plaintiff had not released defendants from their obligations under the contract, and that plaintiff was entitled to damages for breach in the amount of $25,000. Defendants appeal from a judgment entered on the verdict.

[1] Defendants contend the court erred in admitting evidence in contravention of the dead person statute, G.S. 8-51. This statute prohibits a party or interested person from testifying in his or her own interest against the administratrix of a deceased person about a personal transaction or communication between the party and the deceased. Defendants specifically object to the admission of: court-ordered interrogatory answers which admit the defendant-husband's signature on the contract with plaintiff; a written contract executed by the defendant-husband and his wife; a deed to the third party buyer executed by the defendant-husband and his wife; and testimony by plaintiff's witnesses concerning transactions with defendants.

A judicially recognized exception to G.S. 8-51 provides that testimony against the representative of a deceased person is not incompetent where a party "associated in the contract and united in interest" with the deceased is still alive. *Peacock v. Stott*, 90 N.C. 518, 520 (1884). The rule is stated by Brandis as follows:

> [T]he interested witness may testify if, but only if, there is a surviving party to the transaction whose interests were the same as those of the deceased and who therefore can be relied upon to balance the testimony.

1 H. Brandis, North Carolina Evidence, Sec. 74 at 279.

Plaintiff's transactions were at all times with both the deceased husband and the defendant-wife. Both were present at the initial meeting with plaintiff at the warehouse, both signed the Exclusive Sales Contract prepared by plaintiff, and both signed the deed conveying the property to a buyer. Defendant-

wife appeared and testified, both in her own right and as the administratrix of the estate of her husband. This case therefore does not "come within the mischief which the [dead person statute] was intended to provide against," in that "the evidence of the witness would not be beyond the reach of correction or contradiction." *Peacock v. Stott*, 90 N.C. at 520. We thus hold that the court did not err in admitting the evidence in question.

[2] Defendants contend the court erred in admitting the contract because it "was void for vagueness of description." The contract granted "exclusive rights to sell the property located at Hwy 421 West, Yadkinville[,] N.C.[,] Yadkin[,] N.C." owned by Ola M. Cook and Gilbert B. Cook. This description was not patently ambiguous, but only latently so; the subject property was clearly capable of identification by reference to extrinsic matters. *See House v. Stokes*, 66 N.C. App. 636, 311 S.E. 2d 671 (1984); *Bradshaw v. McElroy*, 62 N.C. App. 515, 302 S.E. 2d 908 (1983). The property was in fact fully identified at trial by defendants' introduction of their deed to the purchasers which described the property by metes and bounds. The property subject to the contract was not an issue in the trial. This contention is without merit.

[3] Defendants contend the court erred in charging the jury with respect to the burden of proof on the issue of whether plaintiff released defendants from their obligations under the contract. The court charged that the burden was on defendants to prove by clear and convincing evidence that plaintiff had orally released them from the contract. This accords with North Carolina law. The burden of proving modification or waiver is on the party asserting it. *Insurance Agency v. Leasing Corp.*, 31 N.C. App. 490, 492, 229 S.E. 2d 697, 699 (1976); *Credit Co. v. Jordan*, 5 N.C. App. 249, 253, 168 S.E. 2d 229, 232 (1969). Further, proof of an oral agreement that modifies a written contract should be by clear and convincing evidence. *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 742, 193 S.E. 2d 338, 340 (1972); *Credit Co. v. Jordan*, 5 N.C. App. at 253, 168 S.E. 2d at 232. We thus find no error in this portion of the charge.

[4] Defendants contend the court erred in charging the jury with respect to damages. The court instructed the jury to determine general damages, if it should reach that issue, by multiplying the percent of commission it found the parties agreed upon in the con-

tract by the price for which it found defendants sold the warehouse. If the jury found the facts to be as all the evidence tended to show, the court stated, the amount of general damages would be $25,000. The court further instructed that if the jury found no actual damages, it could return a verdict of nominal damages, such as one dollar.

The contract provided: "[Defendants] agree to pay [plaintiff] the agreed-upon commission of ten percent of the sales price upon the sale or transfer of title of the property." The evidence that defendants sold the property for $250,000 was uncontradicted. The charge thus correctly advised the jury as to the proper method of compensation. *See The Property Shop v. Mountain City Investment Co.*, 56 N.C. App. 644, 652, 290 S.E. 2d 222, 227 (1982) ("when a sale is made by the owner at a price less than the broker is authorized to offer, the commission allowed is the contract rate on the actual sale price"); *Beasley-Kelso Associates v. Tenney*, 30 N.C. App. 708, 719, 228 S.E. 2d 620, 626, *disc. rev. denied*, 291 N.C. 323, 230 S.E. 2d 675 (1976) (computation of commission in manner instructed on here held correct). This contention is without merit.

[5] Defendants finally contend the court erred in refusing to allow their attorney to read to the jury during closing argument a portion of the deed by which they transferred the subject property to the purchasers. When defendants introduced the deed, the court allowed them to pass it among the jurors. We thus perceive no prejudice from the refusal to allow defendants' attorney to read from the deed during closing argument. We also believe the court correctly found the portion in question irrelevant to the issues being tried.

No error.

Chief Judge VAUGHN and Judge BECTON concur.