884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Evelyn Crutchfield BENGSTON, Gary L. Bengston, Plaintiffs-Appellants,
v.
David R. GIBBS, Lynn F. Gibbs, Defendants-Appellees.
Evelyn Crutchfield BENGSTON, Gary L. Bengston, Plaintiffs-Appellees,
v.
David R. GIBBS, Lynn F. Gibbs, Defendants-Appellants.
 Nos. 88-3824, 88-3831.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1989.
Decided Aug. 15, 1989.
 
 W. Carrington Thompson for appellants.
 Charles J. Vinicombe (Kenneth R. Keller, Carruthers & Roth, P.A. on brief) for appellees.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM.
 
 
 1
 This is a suit to recover damages for breach of a written contract of sale of North Carolina real estate. The defendants David R. Gibbs and Lynn F. Gibbs alleged in their answer that there was an oral condition precedent to the effectiveness of the contract of sale and that such condition had not been fulfilled. At trial, plaintiffs Evelyn Crutchfield Bengston and Gary L. Bengston proved their written contract of sale. Conflicting testimony was offered on whether the agreement was subject to an unsatisfied condition precedent. The issue of whether the agreement was subject to such condition precedent was submitted to the jury. The District Judge, however, refused a request by plaintiffs to instruct the jury that the burden of establishing the defense of a condition precedent rested on the defendants who asserted the defense. The jury returned a verdict in favor of the defendants. From judgment on that verdict plaintiffs have appealed. We reverse.
 
 
 2
 The plaintiffs, first, complain of the admission of testimony that the contract of sale was subject to a condition precedent, and, second, even if such evidence were admissible and sufficient to make the issue one for the jury, the District Court erred in denying their request that the jury be instructed that the burden of proving such condition precedent rested on defendants.
 
 
 3
 We think it clear from the North Carolina decisions that evidence of an oral condition precedent to the validity of a contract for sale of land is admissible. Thus, in Lane v. Coe, 262 N.C. 8, 136 S.E.2d 269, 275 (1964), the defendant claimed that a written real estate contract was subject to the oral condition precedent that his wife sign the papers. The Court held that evidence of such an oral condition did not violate the statute of frauds because:
 
 
 4
 A parol agreement of the conditional delivery of a written contract for the conveyance of land is valid, and it does not contradict the written instrument, but only postpones its effectiveness until after the condition has been performed or the event has happened.... That there was such agreement and the condition was not performed is a matter of defense and may not be considered on motion for nonsuit where, as here, plaintiff has made no admission with respect thereto and has offered no evidence establishing it.
 
 
 5
 Generally, the defendant who pleads an affirmative defense has the burden of proof. Lambe-Young, Inc. v. Cook, 320 S.E.2d 699, 702 (N.C.App.1984). "The burden of proving modification or waiver is on the party asserting it. Insurance Agency v. Leasing Corp., 31 N.C.App. 490, 492, 229 S.E.2d 697, 699 (1976); Credit Co. v. Jordan, 5 N.C.App. 249, 253, 168 S.E.2d 229, 232 (1969). Further, proof of an oral agreement that modifies a written contract should be by clear and convincing evidence. Tile and Marble Co. v. Construction Co., 16 N.C.App. 740, 742, 193 S.E.2d 338, 340 (1972); Credit Co. v. Jordan, 5 N.C.App. at 253, 168 S.E.2d at 232." Ibid. We think that principle is applicable here. The failure of the District Court to grant plaintiffs' request for instruction to the jury that the defendants had the burden of proof of their affirmative defense of an alleged condition precedent requires a new trial.
 
 
 6
 The judgment of the District Court is accordingly reversed and the cause is remanded for a new trial.
 
 
 7
 REVERSED AND REMANDED.