IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 15, 2003 Session

## LESLIE M. BUCHHOLZ v. TENNESSEE FARMERS LIFE REASSURANCE COMPANY

**A Direct Appeal from the Chancery Court for Madison County**
**No. 58521      The Honorable Joe C. Morris, Chancellor**

---

**No. W2002-02989-COA-R3-CV - Filed October 8, 2003**

---

Beneficiary of life insurance policy sued insurer to collect proceeds of policy. Insurer defended on the ground that the policy had lapsed for nonpayment of premium before the expiration of the thirty-one day grace period provided in the policy. The beneficiary contends that the grace period had not expired prior to the death of the insured, because the premium payment date in the policy was changed by the insurer's accepting premiums from an automatic bank withdrawal on the latter date. Alternatively, beneficiary contends that acceptance by the insurer of the premiums on the latter date was a representation to the insured and relied upon by him to his detriment that the premium was due on the latter date and the grace period began on that date. The trial court denied the insurer's motion for a summary judgment and granted the insured's motion for a summary judgment. Insurer appeals. We vacate and grant summary judgment to insurer.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court is Vacated**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Robert B. Littleton, David L. Johnson, Nashville, For Tennessee Farmers Life Reassurance Company

Danny R. Ellis, Jackson, For Appellee, Leslie Buchholz

## OPINION

The complaint filed by plaintiff, Leslie M. Buchholz[1] ("Plaintiff," "Buchholz," or "Appellee"), alleges that she was the wife of Loy Dale Mandrell ("Insured") and named as the beneficiary in a life insurance policy with a death benefit of $50,000.00 issued to Loy Dale Mandrell

---

[1] This is the correct spelling of the plaintiff's name, as shown by amendment to the complaint filed several days after the filing of the original complaint.

by the defendant, Tennessee Farmers Life Reassurance Company ("Tennessee Farmers Life," "Insurer," or "Appellant"). The Complaint avers that Tennessee Farmers Life received the premiums on the policy by automatic withdrawal of funds from the Insured's checking account. According to the Complaint, the premiums were withdrawn on the 15th day of every month. Plaintiff avers that the withdrawal of these premiums in the middle of the month is a modification of the due date for the premium or, alternatively, that the Insured was led to believe that the premiums were due in the middle of the month. In light of these arguments, Plaintiff asserts that the grace period was consequently extended. The Complaint avers that, by virtue of a change in the policy, or on the theory of promissory estoppel, the due date for the premiums was effectively changed to the middle of the month every month. Plaintiff alleges that although the Insured missed the December payment and committed suicide January 10, 2000, the thirty-one day grace period was still in effect by virtue of the change in the premium payment date.

Tennessee Farmers Life filed its Answer to the Complaint, denying that the insurance policy was in effect on the date of the Insured's death, because it had lapsed due to nonpayment of the required premium. The Answer denies that there was any modification of the policy premium payment date from the 4th of the month to the 15th of the month. The Answer further avers that the receipt of the premium payment date was changed due to the Insured's request to pay the premium from an automatic bank withdrawal on the 15th of the month, which was well within the thirty-one day grace period allowed by the policy. The Answer also denies that Tennessee Farmers Life made any representation that there had been policy modifications or that the Insured had relied on any such changes.

The record contains neither a transcript of proceedings nor a statement of the evidence. The case was tried based on a joint stipulation of facts filed by parties. The stipulation of facts provides as follows:

STIPULATED FACTS

The plaintiff and the defendant, by and through counsel, advise the Court that they have stipulated, as indicated by their signatures below, the following facts in this civil action:

1. Loy Dale Mandell[2] took out a life insurance policy with the defendant which had a death benefit of $50,000.00. The policy became effective on February 4, 1994, which became the policy date. Mr. Mandell was the owner of the life insurance policy.

2. Loy Dale Mandell's policy premium was due on the 4th day of each month.

---

[2] The correct spelling of the insured's name is "Mandrell."

3. Loy Mandell asked that the monthly policy premium be drawn out of his bank account on the 15th day of each month. This request was instituted by the agreement of both parties.

4. For a period of five years and nine months, the premiums for Mr. Loy Mandell's policy were paid out of his bank account on or about the 15th of every month.

5. In December 1999, Mr. Loy Mandell closed the bank account from which the premiums for this life insurance policy were paid.

6. The December 15th payment was not paid because of the closed bank account.

7. On January 10, 2000, Mr. Mandell committed suicide.

8. The insurance policy had a thirty-one day grace period. The policy's grace period provides as follows: "A grace period of 31 days is allowed for payment of each premium after the first. Insurance will continue during the grace period. If you die during the grace period, the portion of the unpaid premium which applies to the policy month of your death will be deducted from the proceeds of the policy."

9. Had Mr. Mandell died during the 31 day policy grace period, which ran from December 4, 1999 through January 4, 2000, the portion of the December 1999 premium which was unpaid would have been deducted from the proceeds of the policy.

10. The monthly premium for Mr. Mandell's policy at the time the bank account was closed was $19.39.

11. The pay out death benefit for Mr. Mandell's policy was $50,000.00.

12. After Mr. Mandell's bank account was closed in December 1999, the defendant sent Mr. Mandell two notices:

A. The first notice was a letter dated and mailed to Mr. Mandell on December 27, 1999. A true and correct copy of that letter is attached a Exhibit A to these stipulations; and

B.  The second notice was a lapse notice, which was mailed to Mr. Mandell on January 5, 2000.  A true and correct copy of that lapse notice is attached as Exhibit B to these stipulations.

Both parties filed a motion for summary judgment.  The trial court granted the Plaintiff's Motion for Summary Judgment by Final Order entered November 22, 2002, which provides as follows:

This matter came on for hearing before the Court on September 27, 2002 on cross Motions for Summary Judgment by the Plaintiff and the Defendant.  The matter was submitted to the Court on stipulated facts between the parties.

As the Court's findings of fact, the Court hereby adopts and incorporates by reference the stipulated facts filed in this civil action by the parties on April 11, 2002.

Based on the stipulated facts and the applicable law, it is the conclusion of the Court that the Defendant, by agreeing to accept Mr. Mandrell's premium payment on the fifteenth of each month for a period of four years and nine months, modified the policy due date from the fourth of each month to the fifteenth of each month.  It is the further conclusion of the Court that the modification of the policy due date had the effect of modifying the thirty-one day grace period under the policy such that it ran from the fifteenth of each month rather than from the fourth of each month.  The Court further concludes that by its course [of] conduct, the Defendant is estopped to deny the Plaintiff the proceeds of the life insurance policy on Mr. Mandrell's life because Mr. Mandrell died within the thirty-one day grace period, if that grace period is measured from the fifteenth of December 1999.

The Court further finds and concludes that there are no genuine issues of material fact and that the Plaintiff is entitled to a judgment as a matter of law.

Based on the forgoing findings and conclusions, the Court ORDERS, ADJUDGES AND DECREES as follows:

1. That the Defendant pay the Plaintiff the sum of $50,000.00 minus the December 1999 premium of $56.64.

2. That prejudgment interest be taxed to the Defendant from January 10, 2000 to June 1, 2002.

-4-

3. That the costs of this case be taxed to the Defendant.

Entered this 22nd day of November, 2002.

Insurer has appealed and presents the sole issue for review as stated in its brief:

> Did the trial court err in finding that a life insurance policy issued by defendant Tennessee Farmers Life Reassurance Company to plaintiff's deceased husband, Loy Dale Mandrell, had not lapsed prior to Mr. Mandrell's death?

Buchholz first asserts that the policy of insurance was modified to provide for the premium due date on the 15th of the month, instead of as set out in the policy for the 4th of the month. An insurance contract, like any other contract, may be modified after it is made by the express agreement of the parties. *See De Rossett Hat Co. v. Lancashire Fire Ins. Co.*, 134 Tenn. 199, 183 S.W. 720 (1915). To be enforceable, the modification of an existing contract requires mutuality of assent and meeting of the minds. *See Frank Rudy Heirs Assoc. v. Moore & Assoc., Inc.*, 919 S.W.3d 609 (Tenn. Ct. App. 1995). In *Balderacchi v. Ruth,* 256 S.W.2d 390 (Tenn. Ct. App. 1952), the Court said:

> Modification of an existing contract cannot be accomplished by the unilateral action of one of the parties. There must be the same mutuality of assent and meeting of the minds as required to make a contract. New negotiations cannot affect a completed contract unless they result in a new agreement. *Neilson, etc., Canning Co. v. F. G. Lowe & Co.,* 149 Tenn. 561, 260 S.W. 142. And a modification of an existing contract cannot arise from an ambiguous course of dealing between the parties from which diverse inferences might reasonably be drawn as to whether the contract remained in its original form or was changed. *Anderson v. Reed*, 133 Okl. 23, 270 P. 854; *Continental Supply Co. v. Levy*, 121 Okl. 132, 247 P. 967.

*Id.* at 391.

The only factual information in this record comes from the joint stipulation of the parties. There is nothing in the record to indicate that there was any intent on the part of the parties to change the due date of the premium set out in the policy. Such did not appear to be necessary since the payment date of the bank withdrawal was well within the period that the policy remained in force under the grace provision. Moreover, the two letters sent by the Insurer to the Insured concerning the nonpayment of the premium indicate that the Insurer had never consented to any modification of the policy concerning the premium due date.

Buchholz alternatively asserts that the Insurer is estopped to deny that the grace period extended for thirty-one days after the 15th of the month.

In **Robinson v. Tennessee Farmers Mut. Ins. Co.**, 57 S.W.2d 559 (Tenn. Ct. 1993), this Court set forth the elements of equitable estoppel:

> The elements of equitable estoppel were set forth by this Court in **Consumer Credit Union v. Hite**, 801 S.W.2d 822 (Tenn. Ct. App. 1990), which held:
>
>> The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially, 19 Am.Jur.Estoppel Sec. 42, pp. 642-643.
>
> **Hite**, 801 S.W.2d 822 at 825 (citing **Callahan v. Town of Middleton**, 41 Tenn. Ct. App. 21, 292 S.W.2d 501 (1954)).

*Id.* at 563.

Estoppel is not favored and it is the burden of the party seeking to invoke the doctrine to prove each and every element thereof. *Id.* at 563.

Considering the sole facts in this case, as represented by the stipulation, there is absolutely no proof that the Insurer made any representation to the Insured, aside from the acceptance of the Insured's request that the premium payments be taken by bank withdrawal on the 15th of the month. There is certainly no misrepresentation by the Insurer that the grace period would extend for thirty-one days past the 15th of the month. An arrangement for the payment of the premiums in the manner set forth was brought about by the Insured's request and the Insured knew, or at least was charged with knowledge, that the premium due date was the 4th of the month but made no effort to have that time changed. Simply stated, the Plaintiff in the case at bar has not proved the necessary elements of equitable estoppel. Moreover, the record reflects that, by letter of January 5, 2000, the Insured

was notified that his policy had lapsed and was instructed as to how it could be reinstated; but the Insured failed to act on this notice. From a review of the undisputed facts in this case, it appears that there is neither modification of the insurance policy nor action on the part of the Insurer to create an estoppel to deny that the policy was not lapsed. Under these circumstances, the trial court erred in granting summary judgment to the Plaintiff.

Accordingly, the judgment of the trial court is vacated and summary judgment is granted to the Appellant, Tennessee Farmers Life Reassurance Company. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the Appellee, Leslie M. Buchholz.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.